UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EVERETT WATSON | ) | CASE NO. 5:09CV551 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| STATE OF OHIO | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) ) | |

On March 13, 2009, pro se Plaintiff Everett Watson filed this complaint against the State of Ohio. The complaint does not allege a specific cause of action, but is instead titled "Petition for Civil Rights Restoration." For the reasons stated below, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).

**I.    Background**

In his complaint, Watson alleges that he was convicted of aggravated drug trafficking in 1990. Following his guilty plea, Watson was sentenced to 12 months in prison. Watson's complaint then contains the following:

> My rights were not lost via sentencing according to the record. It has been 19 years. I would like my rights restored officially…. The code does not state whether my rights were automatically restored when I was released from prison! Below are the provisions concerning sentencing imposed upon a felony conviction!

Doc. 1 at 2. Watson then quotes Ohio Revised Code Sections 2953.33, 2929.13, and 2929.14. The latter two sections detail the prison terms available for felony convictions. Section 2953.33 indicates that certain civil rights may be restored upon the sealing of a defendant's record. The complaint also alleges that jurisdiction is proper under Revised Code Section 2505.03.

## II. Legal Standard

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Further, this Court may dismiss an action sua sponte pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Finally, a complaint may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

## III. Legal Analysis

As explained above, there are limits to this Court's attempts to construe pro se pleadings, and the Court will not "guess at the nature of the claim asserted" or invent theories that might permit a claim to survive. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Watson's complaint is not susceptible to any interpretation that would avoid its dismissal.

First, Watson has not alleged any state action that deprived him of any rights in violation of the Constitution. Accordingly, to the extent that Watson's complaint could be construed to arise under 42 U.S.C. § 1983, it must fail. *See Parratt v. Taylor*, 451 U.S. 527, 535, overruled on

2

other grounds (1981) (noting that to state a 1983 claim a plaintiff must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States).

Furthermore, to the extent that Watson has relied upon Revised Code Section 2505.03 to support jurisdiction in this Court, he is in error. Section 2505.03 details the direct appeal procedures in Ohio. It provides for review of final orders by intermediate state appellate courts, the Ohio Supreme Court, and the U.S. Supreme Court. It does not, nor could it, provide for this Court's ability to review a state court judgment. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id*. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Further, federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999) (citing *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992)).

It does not appear that Watson has attempted to challenge his state court action. Furthermore, it does not appear that he has sought relief under 42 U.S.C. § 1983. Instead, Watson appears to be seeking an advisory opinion about the status of his civil rights under Ohio

law following his felony conviction. This Court lacks the authority to issue such an opinion. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975).

To some extent Watson appears to rely on Revised Code Section 2953.33. This section, however, only involves the restoration of civil rights following the grant of an application to seal a defendant's record. There is no indication that Watson has ever sought to seal his record.

The Court has no knowledge of the possible status of Watson's civil rights. There are numerous statutes under Ohio law that detail the manner in which rights are lost and restored. For example, Revised Code Sections 2961.01 and 2967.16(C)(2)(c) both describe the effect of a felony conviction and the effect of completing the sentence for such an offense. Simply invoking these statutes, however, would not provide Watson a federal cause of action.

From all appearances, Watson is simply seeking a determination of the current status of his civil rights. In that regard, Watson would be well advised to contact an attorney that could properly research the fact-specific questions he poses. Those questions do not give rise to a federal lawsuit.

**IV. Conclusion**

Accordingly, Plaintiff Everett Watson's request to proceed in forma pauperis is GRANTED (Doc. 2) and this action is DISMISSED under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Date:  March 20, 2009        */s/ John R. Adams*
                             Judge John R. Adams
                             UNITED STATES DISTRICT COURT

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."